FILED

2021 Apr-02  PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. BELCIK, | } | |
| | } | |
| Petitioner, | } | |
| | } | |
| v. | } | Case No.:  2:20-mc-00461-MHH |
| | } | |
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Respondent. | } | |

## <u>MEMORANDUM OPINION</u>

Several motions are pending in this matter:  Mr. Belcik's Motion to Quash (Doc. 1), the United States' Motion to Dismiss, or, Alternatively, Motion for Summary Judgment (Doc. 4),  Mr. Belcik's Motion for Default Judgment (Doc. 6), Mr. Belcik's Motion for Summary Judgment, or, to Examine Agent Clark (Doc. 8), Mr. Belcik's Motion to Quash and Dismiss and Memorandum (Doc. 9), and Mr. Belcik's Motion to Quash (Doc. 11).[1]  Mr. Belcik seeks to quash IRS third-party summonses issued to Bank of America and Regions Bank.  For the

---

[1] The United States also filed a Motion for Leave to File Supplemental Declaration of John Clark in response to new allegations that Mr. Belcik raised in the hearing held on March 2, 2021. (Doc. 13).  The Court grants that motion and considers Agent Clark's supplemented declaration in this order.

reasons stated below, the Court denies Mr. Belcik's request for relief from the third-party summonses.

## I.     Factual Background

In early June 2018, Agent John Clark, a duly commissioned Revenue Agent of the Internal Revenue Service, began an investigation into the federal individual income tax liabilities of Joseph A. Belcik for the years 2017 and 2018 because the IRS had no record of individual tax return filings for those years.  (Doc. 4-1, p. 1).  On June 5, 2018, Agent Clark sent a letter regarding the 2017 tax year to Mr. Belcik's last known address.  The letter advised Mr. Belcik that the IRS had not received his federal income tax return for 2017 and provided information about setting an appointment to discuss the matter.  Agent Clark enclosed IRS Form 4564 which requested:  "1) all books and records for the year 2017 [and] 2) [a]ll statements of all financial accounts, foreign and or domestic, for which you have signature authority or control for the 2017;" Publication 1, *Your Rights as a Taxpayer*; and Notice 609, Privacy Act and Paperwork Reduction Act Notice. (Doc. 4-1, p. 2, ¶¶ 3-4).

On February 4, 2020, Agent Clark mailed Mr. Belcik a similar letter regarding his tax liability for 2018.  The letter contained the same enclosures as the June 2018 letter.  Agent Clark also mailed to Mr. Belcik's last known address two letters informing him that to determine his correct tax liability, the IRS

intended to contact third-parties to verify the information the IRS was seeking about his tax liability for 2017 and 2018.   (Doc. 4-1, pp. 2-3, ₱₱ 5-6, 8).

On March 23, 2020, pursuant to 26 U.S.C. § 7602, Agent Clark issued IRS summonses to Bank of America and Regions Bank to "produce for examination any and all accounts, loans or similar credit devices issued to Mr. Belcik for the period of January 1, 2017 through January 31, 2019." (Doc. 4-1, p. 4, ₱₱ 8-9). Agent Clark served attested copies of the IRS summonses on Bank of America and Regions Bank by certified mail.   Enclosed with the summonses were: *Provisions of the Internal Revenue Code* (Form 2039) and a *Notice of Payment Information for Recipients of IRS Summons*, along with a blank Form 6863, *Invoice and Authorization for Payment of Administrative Summons Expenses*. (Doc. 13-1, p. 2; 13-2, pp. 2-7).

Agent Clark also mailed notices of service of the summonses on the banks to Mr. Belcik by certified mail to his last known address. (Doc. 13-1, p. 2, ₱ 3). Agent Clark enclosed (Form 2039) *Provisions of the Internal Revenue Code*.  The notices described *Instructions for Preparing Petition to Quash*.  (Doc. 13-1, p. 2, ₱ 3; Doc. 13-4, p. 2).

Mr. Belcik filed this miscellaneous action on April 4, 2020.  (Doc. 1). Mr. Belcik makes many arguments, but the gist of his contention is that Agent Clark lacks the authority to issue third-party summonses to Bank of America and

Regions Bank.  (Doc. 1, pp. 2-3).  Mr. Belcik also contends that the summonses should be quashed because he did not receive notice on how to quash the summonses and because he believes the IRS issued the summonses in bad faith. (Doc. 6, p. 9, ℙℙ13-15).

## II.    Discussion

Mr. Belcik challenges the summonses under 26 U.S.C. §§ 7603, 7602, 7609. (Doc. 1, p. 1).  The United States has responded that Agent Clark properly issued the summonses pursuant to a delegation of authority.  Because Mr. Belcik has challenged the summonses,

> the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS' possession, and (4) that it has taken the administrative steps necessary to the issuance of a summons.

*La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985) (citing *United States v. Powell*, 379 U.S. 48, 57-59 (1964); *Centennial Builders*, 747 F.2d 678, 680 (11th Cir. 1984); *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983)).  The IRS may satisfy this burden "by presenting the sworn affidavit of the agent who issued the summons attesting to these facts."  *La Mura*, 765 F.2d at 979.  If the IRS meets its burden, then the burden shifts to the taxpayer challenging the summons to "disprove one of the four elements of the government's prima facie

showing or convince the court that enforcement of the summons would constitute

an abuse of the court's process." *La Mura*, 765 F.2d at 979-80 (citations omitted).

Proceedings to quash an IRS third-party summons, while adversarial, are

"summary in nature." *United States v. Clarke*, 573 U.S. 248, 253-54 (2014)

(quoting *United States v. Stuart*, 489 U.S. 353, 369 (1989)).   Mr. Belcik may

present arguments and evidence to contest the validity of the summons, *Clarke*,

573 U.S. at 254, but he must meet a high evidentiary burden to receive an

opportunity to examine an agent in an evidentiary hearing.

> As part of the adversarial process concerning a summons's validity,
> the taxpayer is entitled to examine an IRS agent when he can point
> to specific facts or circumstances plausibly raising an inference of
> bad faith.  Naked allegations of improper purpose are not enough:
> The taxpayer must offer some credible evidence supporting his
> charge. . . . The taxpayer need only make a showing of facts that give
> rise to a plausible inference of improper motive.  That standard will
> ensure inquiry where the facts and circumstances make inquiry
> appropriate, without turning every summons dispute into a fishing
> expedition for official wrongdoing.

*Clarke*, 573 U.S. at 254-55.  A taxpayer may use circumstantial evidence to meet

this burden because direct evidence of bad faith rarely is available to a petitioner.

*Clarke*, 573 U.S. at 254.  A district court has discretion in deciding whether to

order the examination of IRS agents.  A district court's inquiry into a summons is

limited to determining whether the IRS issued the summons in good faith.  A

district court "must eschew any broader role of 'overseeing the IRS's

determination to investigate.'"   *Clarke*, 573 U.S. at 254 (quoting *Powell*, 379 U.S. at 56) (internal alterations in *Clarke* omitted).

Agent Clark's declarations meet the United States' *prima facie* burden to establish the validity of the IRS summonses at issue.  (Doc. 4-1; Doc. 13-1); *La Mura*, 765 F.2d at 979.   Construing his submissions liberally, Mr. Belcik challenges the first and fourth elements of the United States' *prima facie* showing. With respect to the first element, the purpose of the investigation that generated the summonses, the IRS may issue a summons for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting any such liability."  26 U.S.C. § 7602(a).  Here, Agent Clark issued the summonses to determine Mr. Belcik's tax liability for 2017 and 2018 because the IRS does not have evidence of individual returns for Mr. Belcik for those years. (Doc. 4-1; Doc. 13-1).  That is a legitimate purpose under § 7602(a).

Though Mr. Belcik argues that Agent Clark lacks authority to issue the summonses and issued the summonses in bad faith, Mr. Belcik has not supported his allegations with credible evidence that the IRS or Agent Clark acted for a purpose other than investigating Mr. Belcik's tax liability.  *Clarke*, 573 U.S. at 254 (requiring the taxpayer to produce "some credible evidence of his charge" of

improper motive).[2]   Therefore, Mr. Belcik has not provided a basis for an evidentiary hearing to explore whether the IRS conducted its investigation for a legitimate purpose, and Mr. Belcik has not disproved the legitimate purpose identified by the IRS.

With respect to the fourth element concerning administrative procedure, the United States' failure to follow an administrative step does not automatically bar enforcement of a third-party summon if the government acts in good faith, and there is no material injury to the taxpayer. *United States v. Bank of Moulton,* 614 F.2d 1063, 1066 (5th Cir. 1980); *see also Azis v. U.S. I.R.S.*, 522 Fed. Appx. 770, 777 (11th Cir. 2013) (stating that "nothing in the language of the Internal Revenue Code mandates the non-enforcement of an IRS summons because of an infringement of the Code.").

Mr. Belcik argues that Agent Clark failed to provide notice that "Petitioner had a legal right to QUASH" and that he was required to draft a complaint and serve all parties. (Doc. 11, p. 20). This argument fails because Agent Clark has shown that he mailed to Mr. Belcik Form 2039 on March 23, 2020, and Mr. Belcik filed his motion to quash in this action on April 6, 2020. Form 2039 lists

---

[2] Mr. Belcik argues that a Revenue Agent like Mr. Clark is "only authorized to conduct audits of filed tax returns, and contact third parties . . ." (Doc. 11, p. 4). Mr. Belcik contends that neither Mr. Clark nor anyone from his office may conduct a tax investigation which Mr. Belcik characterizes as a criminal investigation. (Doc. 11, p. 4). The Court has not found authority that supports Mr. Belcik's argument.

"Instructions for Preparing Petition to Quash."  (Docs. 1; 13-1, p. 2, ⁋ 3; 13-4, p. 2).  Even if Mr. Belcik did not receive notice of his right to quash, lack of notice would be a harmless error because Mr. Belcik is before the Court seeking to quash the summonses.  Because he has made use of the process for which he says he did not have notice, Mr. Belcik cannot demonstrate that he has been injured by his alleged lack of notice.[3]

Mr. Belcik also argues that Agent Clark lacks authority to authorize the summonses because he does not have a pocket commission, is not a criminal investigator within the IRS intelligence division, and is not appointed by the Secretary of the Treasury.  Mr. Belcik offers no evidence beyond his bare assertions to support those contentions.  Agent Clark, through his declaration, has established that he is a commissioned IRS Revenue Agent.  (Doc. 4-1, p. 1).

### III.   Conclusion

The Court has liberally construed Mr. Belcik's motions and supplemental briefing and has found no support for Mr. Belcik's argument that the IRS is engaged in an abuse of process.  Because Mr. Belcik has not offered credible evidence to support his arguments for quashing the summonses, the Court denies his Motions to Quash (Docs. 1, 9, 11), Motion for Default Judgment (Doc. 6), and

---

[3] During a video hearing with the Court. Mr. Belcik indicated that this is not he first effort at quashing an IRS summons.  (March 2, 2021 minute entry).

Motion for Summary Judgment or Motion to Examine Agent John Clark (Doc. 8).  Consequently, the United States Motion to Dismiss or Alternatively, Motion for Summary Judgment is moot. (Doc. 4).  The Court will enter a final order closing this matter.

**DONE** and **ORDERED** this April 2, 2021.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE